GReen, J.
delivered the opinion of the court.
This action is brought on the following instrument: “On or before the first day of March, eighteen hundred and thir* ty-three, value received, I will pay Thomas McLain one *246 hundred dollars, which may be discharged by the payment of -two thousand pounds of good merchantable iron, delivered at the residence of the said John Miller, in Campbell county, Tennessee. Witness my hand and seal the 21st October, 1833. JOHN MILLER, seal.”
The defendant pleaded, 1st. Covenants performed. 2d. Tender of the iron on the day, but no one was there to receive it; and 3d. That before the writing obligatory became due, the plaintiff assigned it to Spencer Doling, who on the 20th of March, 1833, had the same in his possession and was the true and proper owner, and on the 2d day of March, 1833, one H. A. Thorn obtained a judgment against said Doling for ninety-seven dollars, before Win. A. Hollings-worth, a j’ustice of the peace, upon which an execution issued, which came to the hands of John A. Hollingsworth, a constable for said county, who summoned the defendant to rppear before said justice as a garnishee, to declare on oath what property belonging to said Doling was in his possession, or what he was indebted to him. The defendant appeared before the justice, and declared there was in his possession 2000 lbs. of iron, which he then had ready to pay and discharge the covenant in plaintiffs declaration mentioned, and upon such declaration said amount of 2000 lbs. of iron was condemned in his hands as the property of Doling, and the execution was levied on it, and it was sold as the property of Doling, to satisfy the execution in favor of Thorn. To the first plea there was a replication and issue, and to the second and third pleas a demurrer. The issue was found in favor of the plaintiff, and the demurrer was sustained and judgment was pronounced against the defendant, from which he appealed to this court.
We think the demurrer to the second plea was properly sustained, because it does not aver that the defendant was ready to deliver the iron on the day specified in the contract, that the plaintiff nor any one for him, was present, during the day to receive the same, and that he has always since been ready to deliver the same. This averment, “that he has always been ready, and yet is ready,” is essential to constitute a plea of tender, in such cases, a good plea. See *247 Nixon's administrator vs. Bullock, 9 Yer. 414: Tiernan vs. Napier, Peck’s Rep. 189: Waters vs. McAlister, 4 Hay. Rep. 200.
The demurrer to the third plea was also properly sustained. The contract set out in this declaration is a money contract, with the privilege on the part of the defendant, to discharge it in iron, on the day it fell due. If the imn were not paid on the day, or at the place ready to be paid, and kept so continually ever since, the right to pay in iron was gone, and the plaintiff was entitled to recover the money.
As therefore the plea does not aver such continued readiness to pay the iron, it is not true that at the time of the garnishment the defendant had in his possession any iron belonging to Doling. If Doling was the assignee and owner of the note, the defendant owed Doling the money called for in it, and having no right to require Doling to take the iron in payment, it follows, that his surrender of iron when garnisheed, and the sale thereof to satisfy Doling’s debt, could be no discharge of his obligation, or bar to this action.
Judgment affirmed.